UNITED STATES of America, Appellee,

v.

Thomas Edward MYERS, a/k/a Worm, Appellant.

No. 79–5286.

United States Court of Appeals, Fourth Circuit.

Argued July 8, 1980.

Decided Aug. 6, 1980.

Andrew Jay Graham, Baltimore, Md., (Kramon & Graham, P. A., Baltimore, Md., on brief), for appellant.

Marsha A. Ostrer, Asst. U. S. Atty., Baltimore, Md., (Russell T. Baker, Jr., U. S. Atty., Baltimore, Md., on brief), for appellee.

Before BUTZNER, MURNAGHAN and ERVIN, Circuit Judges.

BUTZNER, Circuit Judge:

Thomas Edward Myers appeals on several grounds his conviction of five violations of the Federal Firearms Statutes, 18 U.S.C. §§ 2, 371, 844(a), 844(d), 842(i)(1), 842(a)(3)(B), 842(a)(3)(A). We reverse.

During the trial, one juror reported to the judge an "apparent act of intimidation" that occurred when she left the jury room. The court questioned the juror on the record but out of the presence of counsel and the other jurors. The transcript of the voir dire does not provide any information on what the act of intimidation was or who it

involved. The juror stated her belief that she had not been prejudiced and that she did not "think that the defendants had anything to do with what those gentlemen did."

The juror had discussed the incident with several other jurors, and she stated that "everyone feels somewhat apprehensive about things that are occurring, and everyone is like sort of talking openly about it." The court reminded the juror of her duty to decide the case on the facts and the law and also told her that her "comment is probably a very correct one, that the defendants had nothing to do with it."

On being informed of the voir dire, Myers requested that the juror be questioned in his presence. The court refused and proceeded in his absence to question the other jurors, eight of whom had discussed the incident. None of the jurors felt that they had been prejudiced.

Myers objected to his exclusion from the questioning and moved for a mistrial. The motion was denied.

■ Excluding Myers from the voir dire was error. During a trial, any private contact with a juror concerning the matter before the jury is presumptively prejudicial. To justify conviction after improper jury contacts, the government must "establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant." *Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). Although a defendant may waive his right to be present during a voir dire of jurors, an in camera examination is improper when the defendant has indicated a desire to be present. *United States v. Jones,* 542 F.2d 186, 214 (4th Cir. 1976).

The government cannot satisfy its burden by relying on the transcript of the hearing from which Myers and his counsel were excluded. The transcript does not even disclose the details of the incident that caused the juror to be apprehensive. Accordingly, the judgment is vacated, and the case is remanded for a new trial.

■ Myers assigns error to a second issue that may recur at his retrial. During trial, a government witness, who was pregnant, refused to testify because she was afraid. The court correctly ruled that she had waived her fifth amendment rights by testifying before a grand jury, but then, expressing concern over her condition, the court excused the witness and admitted her grand jury testimony. Under the circumstances, we find no reversible error in this ruling. On retrial, however, if she persists in her refusal, the court should not hesitate to use its contempt power in an effort to elicit her testimony so that she may be cross-examined. *See United States v. Garner,* 574 F.2d 1141 (4th Cir. 1978); C. McCormick, Law of Evidence § 253(7) (2d ed. 1972).

We find no error in the court's admission of expert testimony on the structure and operation of motorcycle gangs.

*VACATED AND REMANDED.*